**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROMEL HOYRI-HYRI, | No. 08-75180 |
| Petitioner, | Agency No. A098-261-560 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011**

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Romel Hoyri-Hyri, a native and citizen of Venezuela, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

          *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

          **     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Hoyri-Hyri established changed or extraordinary circumstances excusing his untimely filed application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5). Accordingly, his asylum claim, including his claim for humanitarian asylum, fails.

Hoyri-Hyri contends he suffered past persecution and fears future persecution on the basis of his Arabic ethnicity and membership in a social group of ethnic small business owners. Substantial evidence supports the BIA's determination that Hoyri-Hyri did not establish that the harm he suffered or fears, based on the threats and violence he and his family experienced, is on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir. 1998) (evidence at most showed that petitioners who were attacked and threatened inside and outside their shop by men demanding money were victims of criminal activity); *Gormley v. Ashcroft*; 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts that bore no nexus to a protected ground). In light of this

conclusion, Hoyri-Hyri's contention that he is entitled to a presumption of future persecution fails. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (when the petitioner has not established past persecution, there is no presumption of future persecution). Further, the record does not compel the conclusion that there is a pattern or practice of persecution against ethnic small business owners in Venezuela. *See Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009). Accordingly, we reject Hoyri-Hyri's withholding of removal claim.

Finally, substantial evidence supports the agency's denial of CAT relief because Horyi-Hyri failed to establish it is more likely than not that he would be tortured if returned to Venezuela. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**